Filed 2/20/26  P. v. Maguire CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY LEE MAGUIRE,<br><br>Defendant and Appellant. | D084807<br><br><br><br>(Super. Ct. No. INF2101562) |

APPEAL from a judgment of the Superior Court of Riverside County, Louis R. Hanoian, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Timothy Lee Maguire of unlawfully causing a fire to an inhabited structure (Pen. Code,[1] § 452, subd. (b); count 1); felony vandalism causing $400 or more in damage to property (§ 594, subds. (a), (b)(1); count 2); and misdemeanor vandalism causing less than $400 in damage (§ 594, subds. (a), (b)(2)(A); count 3).  It acquitted him of the greater, charged offense in count 1 of arson of an inhabited structure (§ 451, subd. (b)).

Maguire rented an apartment in a five unit building in Palm Springs.  He was served with an eviction notice on June 1, 2021.  Three days later, he slashed the tires of another resident's vehicle (count 3) and made a large hole in the wall between his unit and a neighboring one (count 2).  Later that day, he started a fire in his apartment (count 1).  A neighbor saw smoke and called 911.

Palm Springs police officer Matthew Crampton responded to the call and was first to arrive on the scene.  When he arrived, Maguire was outside the building, and there was smoke billowing out of it. Maguire told Officer Crampton that there was a fire in the kitchen of his apartment, but it was now extinguished.  Officer Crampton was the first person inside the property to check for other people, and he did not see any flames.  The fire department also responded to the call and subsequently cleared the apartment for entry.

The fire caused damage to the apartment's kitchen sink, drawers, tiles, walls, window, and light fixture.  There was debris from a fire extinguisher on the floor.  A further examination of the apartment also showed Maguire had carved words into the walls with a knife and smashed the bathtub and

___

[1]     Undesignated statutory references are to the Penal Code.

surrounding tiles. Because of these incidents, the kitchen cabinets, flooring, tile, and windows had to be replaced and the apartment walls repaired.

Prior to trial, the prosecution moved to prevent Maguire from introducing self-serving hearsay statements he made to Officer Crampton. One such statement Maguire made was that he used fire extinguishers to put out the fire. The trial court granted the prosecution's motion.

In closing, defense counsel argued Maguire accidentally started the fire while burning papers and "[a]ll it takes really is one or two fire extinguishers to put this out." Later, counsel stated Maguire told Officer Crampton, " 'There was a fire and I put it out.' " He argued there was also an inference that Maguire put out the fire because each witness—the neighbor, the landlord, and Officer Crampton—denied putting out the fire with a fire extinguisher. In response to these arguments, the prosecutor stated, "[I]f you recall, we did not hear any evidence about who used that fire extinguisher. And it could have just as likely been the firefighters, who we know and heard were in there, that apartment, for 15 minutes, and they used it, rather than the defendant." The defense did not object to that statement.

After Maguire's conviction, the Riverside County Probation Department recommended he be placed on two years of formal probation with various terms and conditions, including serving 364 days in custody with credit for time served. In recommending probation, the probation department noted the following factors: the relative nonseriousness of the nature and circumstances of the crime compared to other instances (California Rules of Court,[2] rule 4.414(a)(1)), Maguire's lack of criminal sophistication and professionalism (rule 4.414(a)(8)), Maguire's absence of prior criminal record (rule 4.414(b)(1)), Maguire's willingness and ability to

[2] Undesignated rule references are to the California Rules of Court.

comply with the conditions of probation (rule 4.414(b)(3) & (4)), the effect of imprisonment on Maguire (rule 4.414(b)(5)), and the unlikeliness that Maguire would be a danger to others if not imprisoned (rule 4.414(b)(8)). The only factor supporting a denial of probation was Maguire's active participation in the crime (rule 4.414(a)(6)). The probation department noted no circumstances in aggravation either relating to the crime or Maguire (rule 4.421), no circumstances in mitigation relating to the crime (rule 4.423(a)), and two circumstances in mitigation relating to Maguire: his lack of prior criminal record (rule 4.423(b)(1)) and his suffering from a mental condition that significantly reduced culpability (rule 4.423(b)(2)). Maguire had previously been diagnosed with depression and, following this incident, expressed suicidal thoughts leading to a Welfare and Institutions Code section 5150 psychiatric hold.

The People did not oppose the probation department's probation recommendation. Having considered the probation report and the defense's sentencing memorandum, the trial court granted Maguire two years of formal probation, on the basis that he lacked a felony record, carried out these offenses without demonstrating criminal sophistication or professionalism, and was willing and able to comply with the conditions of probation. Maguire moved to reduce count 1 to a misdemeanor under section 17, subdivision (b), and the court denied that motion without explanation.

On appeal, Maguire raises two claims of error. We disagree with both and affirm the judgment.

1. *Prosecutorial Misconduct*

Maguire first contends the prosecutor committed prosecutorial misconduct by commenting on the absence of evidence that Maguire used a

4

fire extinguisher after successfully moving to exclude his comments to law enforcement, including that he used a fire extinguisher to put out the fire.

We conclude Maguire forfeited this argument by failing to object and request an admonition. "[A] claim of prosecutorial misconduct is not preserved for appeal if defendant fails to object and seek an admonition if an objection and jury admonition would have cured the injury." (*People v. Crew* (2003) 31 Cal.4th 822, 839.) Defense counsel here failed to object or seek an admonition. Maguire does not point to any reason an admonition would have been ineffective, and we see none. (See *People v. Bennett* (2009) 45 Cal.4th 577, 616 ["We assume the jury followed the court's admonition."].)

In the event we find forfeiture, Maguire asserts he received ineffective assistance of counsel because there was no satisfactory explanation for his trial counsel's failure to object. Ineffective assistance of counsel exists when: (1) counsel performed deficiently such that the "representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) the deficient performance caused prejudice, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 694.) As to deficient performance, "a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Counsel's performance is deficient if "there simply could be no satisfactory explanation" for it. (*Ibid.*) Maguire fails to establish either requirement.

Defense counsel acted reasonably by not objecting to the prosecutor's comment that the jury had not heard evidence that Maguire used a fire extinguisher to put out the fire. Defense counsel may have reasonably

5

concluded that the prosecutor's comment was permissible because there was no *admissible* evidence that Maguire used a fire extinguisher—that evidence was undisputedly inadmissible hearsay. (See *People v. Lawley* (2002) 27 Cal.4th 102, 153–156 [a prosecutor's comments on the absence of evidence after proper evidentiary rulings, including excluding hearsay evidence, are not misconduct].) And, as the Attorney General points out, counsel may have determined an objection was unnecessary because other evidence established a possible inference that Maguire put out the fire. Officer Crampton testified that Maguire said there was a fire in his apartment, it had been put out, and no one else was in the apartment. Officer Crampton also stated he was the first person in the apartment and did not see flames.

Because there was already evidence Maguire put out the fire, the prosecutor's comment regarding the lack of evidence that Maguire used a fire extinguisher was not prejudicial. Moreover, there was no reasonable probability but for the prosecutor's comment, the result of the proceeding would have been different because the jury convicted Maguire of recklessly setting the fire (§ 452) and found him not guilty of willfully and maliciously setting the fire (§ 451). While evidence of efforts to put out a fire might affect a jury's finding of willfulness in starting the fire, Maguire's actions after the fire began were unlikely to influence the jury's finding that he acted recklessly in starting the fire. Extinguishing a fire may be inconsistent with purposely starting it, but it is consistent with recklessly starting it.

2. *Reduction to Misdemeanor*

Maguire's second contention on appeal is that the trial court abused its discretion by declining to reduce his conviction of unlawfully causing a fire to an inhabited structure to a misdemeanor under section 17, subdivision (b)(3). He bases this argument on his background, including his education and

6

career accomplishments in music, and the factors relevant to probation and sentencing noted in the probation report, including his absence of criminal history and apparent mental health crisis at the time of the incident. We see no abuse of discretion.

Section 452, subdivision (b), provides: "Unlawfully causing a fire that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for two, three, or four years, or by imprisonment in the county jail for not more than one year, or by a fine, or by both such imprisonment and fine." Crimes "punishable either by a term in state prison or by imprisonment in county jail and/or by a fine" are "commonly referred to as 'wobbler[s].' " (*People v. Park* (2013) 56 Cal.4th 782, 789.) When the factfinder finds a defendant guilty of a wobbler charged as a felony, the trial court has discretion to deem the crime a misdemeanor under the circumstances described by section 17, subdivision (b). (*Park,* at p. 790.) As relevant here, the court may do so at the defendant's request after granting probation. (§ 17, subd. (b)(3).) Factors relevant to the court's determination include " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 (*Alvarez*).) "Courts may also consider the sentencing objectives set forth in California Rules of Court, rule 4.410 . . . includ[ing] protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1027–1028.)

We review the court's section 17, subdivision (b), determination for abuse of discretion. (*Alvarez, supra*, 14 Cal.4th at p. 980.) The appellant has

the burden " 'to clearly show that the sentencing decision was irrational or arbitrary.' " (*Id.* at p. 977.)  We do not "reverse[ ] merely because reasonable people might disagree," nor may we "substitut[e] [our] judgment for the judgment of the trial judge." (*Id.* at p. 978 [cleaned up].)

Given the circumstances of the offense, we cannot say the trial court abused its discretion by declining to reduce Maguire's conviction to a misdemeanor.  It is clear from section 17, subdivision (b)(3), that a grant of probation is not conclusive to the determination whether to reduce a wobbler offense to a misdemeanor.  Here, while there were mitigating factors related to Maguire justifying probation, the fire caused extensive damage to the apartment and risked injury to the inhabitants of neighboring units.  As a result of the fire, the landlord had to gut the kitchen, remove and replace the cabinets, flooring, tile, and windows.  Some of the mitigating factors in the probation report relevant to the decision to grant probation—including the willingness and ability to comply with the conditions of probation referenced by the court and the potential effects of incarceration to Maguire—were not relevant to the wobbler issue.  A court could reasonably determine those factors, along with his lack of criminal record and sophistication, justified granting probation as the *method of punishment to him*, but the extensive damage caused by the fire justified maintaining the felony *status of the offense*.  Notably, the court here did not state it considered Maguire's offense of causing a fire to an inhabited structure to be less serious than other instances of that crime.

## DISPOSITION

We affirm the judgment.

DO, J.

WE CONCUR:

IRION, Acting P. J.

CASTILLO, J.